IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CYRIL M SCOVENS, II et al,** | * | |
| | * | |
| *Plaintiffs,* | | |
| | * | |
| v. | | Civil Action No. 1:23-cv-01080-JMC |
| | * | |
| **UNIVERSITY OF MARYLAND** | | |
| **FACULTY PHYSICIANS, INC. et al,** | * | |
| | | |
| *Defendants.* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

On April 22, 2023, Plaintiffs filed suit for "the wrongful death of Veronica Y. McCall-Scovens from misdiagnosed ovarian cancer . . . ."[1] (ECF No. 9 at p. 1, ¶ 1).[2] Pending before the Court is Plaintiffs' Motion to Defer Dismissal (ECF No. 9).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the following reasons, the Court will grant Plaintiffs' Motion and—in an exercise of the Court's discretion—extend Plaintiffs' deadline for effecting service of process for an additional ninety (90) days, i.e., Plaintiffs shall effect service of process on Defendants by November 12, 2023.

I.      **RELEVANT BACKGROUND**

As indicated above, Plaintiffs filed their Complaint on April 22, 2023.  (ECF No. 1).  On April 24, 2023, the Clerk's Office issued summons as to all Defendants.  (ECF No. 4).  Pursuant to Fed. R. Civ. P. 4(m) and Loc. R. 103.8.a (D. Md. 2023), Plaintiffs had ninety (90) days to serve

---

[1] "The present action is being brought by the Plaintiff decedent's now adult children, Cyril M. Scovens, II and Elana Williams." *Id.*

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

Defendants with process.  Accordingly, Plaintiffs should have served summons on Defendants by July 23, 2023.  On July 28, 2023, Plaintiffs had yet to serve Defendants with summons.  Therefore, the Court issued an Order directing Plaintiffs to "show good cause within fourteen (14) days of the date of this Order why the Complaint (ECF No. 1) should not be dismissed as to Defendants without prejudice pursuant to Fed. R. Civ. P. 4(m) and [Loc. R.] 103.8.a (D. Md. 2023)."  (ECF No. 8).

On August 9, 2023, Plaintiffs filed their pending Motion.  Therein, Plaintiffs indicate that the case *sub judice* was filed "just prior to the statute of limitations, which may have run out as early as April 25, 2023."  (ECF No. 9 at p. 1, ¶ 2).  Plaintiffs explained that "the purpose of the filing was to preserve the statute of limitations."  *Id.*  Although Plaintiffs have not yet effected service on Defendants, Plaintiffs have been in contact with the attorney representing the individual Defendants, and Plaintiffs have been in contact with the U.S. Attorney's office regarding this case.  *Id.* at p. 1, ¶ 3.  Plaintiffs further indicate that there is a complicated legal issue underlying this case, i.e., Defendants have raised the issue of whether a previous settlement will foreclose Plaintiffs' ability to pursue this action.  *Id.* at pp. 1–2, ¶ 4.  Plaintiffs assert that they are not purposefully delaying the Court's exercise of jurisdiction over their case.  *Id.* at p. 2, ¶ 5.  Rather, "Plaintiffs need additional time to complete their investigation into the legal issues underlying this matter and any potential exposure they may have to indemnity claims."  *Id.*  As such, Plaintiffs implore the Court to find good cause to defer the dismissal of this case and to extend the deadline for effecting service of process on Defendants.  *See id.* at p. 2, ¶ 6.

## II.      LEGAL STANDARD

"Service of process, which is governed by Fed. R. Civ. P. 4, is a prerequisite to litigating

in federal court.  In its absence, a court lacks personal jurisdiction over the defendant." *Coomes*

*Moran, et al.*, No. ELH-22-2639, 2023 WL 3847427, at *4 (D. Md. June 6, 2023) (other citations

omitted).  Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action without
> prejudice against that defendant or order that service be made within a specified
> time.  But if the plaintiff shows good cause for the failure, the court must extend
> the time for service for an appropriate period.

*Gelin v. Shuman*, 35 F.4th 212, 217 (4th Cir. 2022) (quoting Fed. R. Civ. P. 4(m)).  In *Gelin*, the

Fourth Circuit resolved years of inter-court debates regarding a court's ability to extend the

deadline for effecting service with and without good cause shown.  *See generally Gelin*, 35 F.4th

212.  Therein the Fourth Circuit held:

> Under Rule 4(m), a district court possesses discretion to grant the plaintiff an
> extension of time to serve a defendant with the complaint and summons even absent
> a showing of good cause by the plaintiff for failing to serve the defendant during
> the 90-day period provided by the Rule.  And if the plaintiff is able to show good
> cause for the failure, then the Court *must* grant the extension.

*Id.* at 220 (emphasis in original).

Regarding "good cause," Plaintiffs must make a "showing of diligence . . . ."  *Id.* at 218

(other citation omitted).  "Consistent with that foundational principle, good cause is commonly

found to exist[] when the failure of service is due to external factors, such as the defendant's

intentional evasion of service, but significant periods of inactivity and a fail[ure] to seek extension

of time before [the] deadline [has] elapsed tend to undercut any claim of good cause."  *Id.* (other

citations and internal quotation marks omitted).  "At bottom, [w]hile 'good cause' is a flexible

3

standard, diligence provides a touchstone for an appellate court in its review." *Id.* (other citations and internal quotation marks omitted).

Absent a showing of good cause by Plaintiffs, "the decision of whether to dismiss the case for [P]laintiff's failure to comply with the requirements of Rule 4(m) is ultimately left to this Court's discretion." *Coomes*, 2023 WL 3847427 at *4 (other citations omitted). "The decision 'is necessarily determined on a case-by-case basis . . . .'" *Id.* (quoting *Scott v. Md. State Dep't of Lab.*, 673 F. App'x 299, 306 (4th Cir. 2016)). In exercising their discretion,

> [f]ederal courts have identified several non-exhaustive factors that may guide the . . . decision of whether to enlarge the service period. Such factors include (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of the statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

*Coomes*, 2023 WL 3847427 at *4 (other citations and internal quotation marks omitted). "Although the eight factors are not binding on a district court, *See Collins v. Thornton*, 782 F. App'x 264, 267 (4th Cir. 2019) (per curiam), these factors provide useful guidance." *Coomes*, 2023 WL 3847427 at *4.

### III. ANALYSIS

The Court notes that Plaintiffs' proffered reasons for not serving Defendants do not fall neatly into a "good cause" analysis using factors traditionally relied upon. That said, the reasons given are based on practicality and efficiency, especially given the statute of limitations. Furthermore, the ongoing dialogue with Defendants demonstrates that Plaintiffs are in no way ignoring the case. Ultimately, the Court need not decide whether such activity amounts to "good cause" for purposes of Fed. R. Civ. P. 4 because the Court easily concludes that the facts presented

warrant an exercise of discretion to grant an extension.  The Court finds any potential for prejudice to Defendants brought on by an extension to be minimal in light of the fact that Defendants have been in discussions with Plaintiffs concerning Plaintiffs' claims.  *See id.* at *5 ("[D]efendants have not actually been prejudiced by the brief delay.  Prior to the filing of suit, the parties engaged in lengthy settlement discussions, so the suit was hardly a surprise.") (other citation omitted).  Furthermore, and "perhaps most significant," Plaintiffs assert that the applicable statute of limitations would bar their claims if the Court were to dismiss this case, even if such a dismissal were without prejudice.  *Id.*  "Federal courts are here to resolve cases on the merits, to avoid procedural defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct."  *Id.* (other citations omitted).  Accordingly, the Court will exercise its discretion and grant Plaintiffs their requested extension to effect service of process.

## IV.   CONCLUSION

For the reasons set forth immediately above, the Court GRANTS Plaintiffs' Motion to Defer Dismissal (ECF No. 9).  Accordingly, it is hereby ORDERED that Plaintiffs shall effect service of process on Defendants by November 12, 2023, i.e., ninety (90) days from the date of the Court's issuance of this Memorandum Opinion and Order.


Date: <u>August 14, 2023</u>                                        <u>            /s/            </u>
                                                              J. Mark Coulson
                                                              United States Magistrate Judge